IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUIS RAMIREZ, NORMA RAMIREZ,
and JACKIE MONTIJO, a minor,

    Plaintiffs,

v.                                        Civ. No. 15-1095 GBW/SCY

BOARD OF COUNTY COMMISSIONERS
OF SANTA FE COUNTY, *et al*.

    Defendants.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Board of County Commissioners of Santa Fe County's Motion for Judgment on the Pleadings.[1] *Doc. 5*. The motion is fully briefed and the Court has held a hearing on the matter. Being fully advised, the motion is converted to a Rule 56 Motion for Partial Summary Judgment and will be granted.

**I. Procedural Posture**

The instant motion was filed prior to the filing of the Amended Complaint. *See doc. 30*. Now that the Amended Complaint has been filed, it is the operative complaint. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended complaint

---

[1] Motion was originally filed by Defendants Santa Fe County Sheriff's Department and County of Santa Fe as they were then named in the suit.

supercedes an original complaint and renders the original complaint without legal effect.") (quotation marks and citation omitted).  Thus, technically speaking, the motion for judgment on the pleadings having been targeted at the original complaint is now moot.  In fact, in its changes to the named Defendants, the Amended Complaint corrects one of the errors discussed in the motion – the naming of two improper government entities.  *See doc. 22* at 1, *doc. 30* at 1. (replacing Santa Fe County Sheriff's Department and County of Santa Fe with Board of County Commissioners of Santa Fe County).  Nonetheless, the claims pursuant to the New Mexico Tort Claims Act and the punitive damages claims have not been changed in the Amended Complaint.  As such, the arguments in the motion for judgment on the pleadings relevant to those claims still apply with equal force.  More importantly, both counsel stipulate that the Court should rule on those arguments as if they had been made against the Amended Complaint.  See *doc. 29* at 2.  Seeing no reason to require the motion to be re-filed, the Court will construe the motion for judgment on the pleadings as being brought by Defendant Board of County Commissioners of Santa Fe County against the Amended Complaint.

    **II.  Legal Standard**

"After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be

resolved on both the pleadings and any facts of which the Court can take judicial notice." *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000).

Defendants seek dismissal "on grounds that the Complaint fails to state a claim upon which relief can be granted against these Defendants." *See doc. 5* at 1.  Therefore, the standard for deciding motions on the pleadings mirrors the applicable standard for a Rule 12(b)(6) motion to dismiss.[2]  *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).  "[W]e accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same.  A motion for judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."  *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (internal quotations and citations omitted).

As a general rule, motions evaluated under the 12(b)(6) standard limit their inquiry to the face of the complaint.  Thus, "a court must convert a motion to dismiss into a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court,' and 'all parties ... [must be] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" *Lymon v. Aramark*

---

[2] Depending on the substance and issues involved in a 12(c) motion for judgment on the pleadings, the Court will either treat it as a rule 12(b)(6) motion or a rule 12(b)(1) motion. *Swepi, LP v. Mora Cty., N.M.*, 81 F. Supp. 3d 1075, 1146 (D.N.M. 2015). While normally subject to the standard applied for failure to state a claim, a 12 (c) motion challenging the Court's subject-matter jurisdiction is resolved under rule 12(b)(1)'s standard. *Id*.

3

*Corp.*, 728 F. Supp. 2d 1222, 1239 (D.N.M. 2010), aff'd, 499 F. App'x 771 (10th Cir. 2012) (quoting Fed R. Civ. P. 12(d)).  As more fully described below, Defendant asserts that Plaintiffs failed to satisfy the notice requirement as to their claims under the New Mexico Tort Claims Act ("NMTCA").[3]  Both parties have presented the court with material outside the pleadings on which to determine this issue.  At the hearing, the Court inquired if either requested an evidentiary hearing at which they could challenge the other side's evidence or present additional evidence.  Neither side objected to the Court considering the evidence as presented nor did they request an evidentiary hearing.

### III. Claims under New Mexico Tort Claims Act

Plaintiffs have brought part of their Count I and the entirety of Count II and Count IV pursuant to the New Mexico Tort Claims Act ("NMTCA").  Plaintiffs do not dispute that the Board of County Commissioners of Santa Fe County is a governmental entity as defined by the NMTCA.  As such, they are immune from liability for any tort

---

[3] As discussed *supra note 2*, a 12 (c) motion challenging the Court's subject-matter jurisdiction is resolved under rule 12(b)(1)'s standard. *Id*. the significance of this distinction is that "[a] motion to dismiss pursuant to Rule 12(b)(1), as opposed to Rule 12(b)(6), allows the district court to rely on evidence outside the pleadings without converting the motion to a motion for summary judgment." *Douglas v. Norton*, 167 Fed.Appx. 698, 705 n.10 (10th Cir.2006).  Case law from our district has treated notice requirement deficiencies under the NMTCA inconsistently, with some cases evaluating it as a jurisdictional issue while other analyzed the matter as a failure to state a claim. *Compare, e.g, Todd v. Montoya*, 877 F. Supp. 2d 1048, 1103 n. 60 (D.N.M. 2012) *with Coffey v. United States*, No. CIV 08-0588 MV/WDS, 2011 WL 2729068, at *3 (D.N.M. July 7, 2011). As the parties have characterized this dispute as based upon failure to state a claim, the Court will presume that 12(b)(6) is the appropriate standard of evaluation. *See doc. 5* at 1. Consequently, relying on information beyond the face of the pleadings requires converting the motion to dismiss into a motion for partial summary judgment.  *Lymon*, 728 F. Supp. 2d at 1239.

4

except as liability is expressly waived in the NMTCA.  *See* N.M. Stat. Ann.  §§ 41-4-2(A), 41-4-4(A), 41-4-17 (1978).  Moreover, the NMTCA provides that "[n]o suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public body unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence."  N.M. Stat. Ann. § 41-4-16(B) (1978).  The County Defendant asserts that Plaintiffs failed to satisfy this notice requirement.

Generally, the notice "required by this section" as relevant here is "written notice stating the time, place and circumstances of the loss or injury" presented to "the county clerk" "within ninety days after the occurrence."  N.M. Stat. Ann.  § 41-4-16(A) (1978).  Plaintiffs do not dispute that they never sent written notice to the county clerk of Santa Fe County. *See doc. 29* at 2.

Plaintiffs, however, argue that the notice requirement is met here because the county had "actual notice of the occurrence," as required by section 41-4-16(B) of the Tort Claims Act. *Doc. 20* at 2-3.  The purpose of the notice requirements of the Tort Claims Act "is to ensure that the agency allegedly at fault is notified that it may be subject to a lawsuit." *New Mexico State Highway Comm'n v. Ferguson*, 652 P.2d 230, 231 (N.M. 1982).  It is now well-settled that to qualify as "actual notice," the "notice must inform the proper governmental entity that there exists a 'likelihood' that litigation may

5

ensue." *Lopez v. State*, 930 P.2d 146, 150 (N.M. 1996) (quotation marks and citations omitted).

In their brief, Plaintiffs argue that the County had actual notice via a letter allegedly sent to the Santa Fe County Sheriff's Department and the Risk Management Division of the State of New Mexico. *See doc. 20* at 2. However, as the County points out, the letter can only provide "actual notice" if Plaintiffs can establish that the letter was received by the County. They have not.

First, Plaintiffs provide no evidence that the letter attached to their response was mailed. *See generally docs. 20, 20-1*. They provide no affidavit from anyone stating that it was mailed. *Id*. While the document contains the phrase "via certified mailing," Plaintiffs provide no receipt from the postal service, no delivery confirmation number, and no other identifier typically associated with certified mail. *Id*. Second, even assuming the letter was mailed, the evidence indicates that it was not received by the Santa Fe Sheriff's Department and the Risk Management Division of the State of New Mexico, let alone the County Clerk. With respect to the Risk Management Division, the address listed on the letter is the physical address of the Risk Management and Safety Division of the Finance Department of the **City of Santa Fe** rather than the Risk Management Division of the **State of New Mexico**. *See doc. 20-1*. With respect to the Sheriff's Department, the letter, while addressed to the correct building, was not addressed to the Sheriff's Department nor any individual within. *Id*. Moreover,

6

Defendants have presented uncontroverted evidence that the letter was not received in the Sheriff's Department. *See doc. 22 at 4-5.*

Accordingly, Plaintiffs have not presented facts sufficient to establish a *prima facie* case that the County had actual notice under the NMTCA based on the letter and summary judgment would be appropriate. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)

At the hearing on this matter, Plaintiffs appear to concede that the evidence surrounding the letter could not constitute actual notice. Instead, Plaintiffs argued that the nature of the occurrence itself, and presumably the police reports that would have been written about it, could constitute actual notice. *See doc. 29 at 2.* First, the Court does not have any of the reports in the record from which to judge this assertion. Second, similar arguments have been rejected by the state courts evaluating notice under the NMTCA. *See Marrujo v. New Mexico Highway Transp. Dep't*, 887 P.2d 747, 755 (N.M. 1994) (holding that accident reports "offered no suggestion that a tort had occurred or that a lawsuit was impending" and therefore did not constitute actual notice); *Powell v. New Mexico State Highway and Transp. Dep't*, 872 P.2d 388, 391 (N.M. Ct. App. 1994) (finding that police report stating that the driver's intoxication and the speed of the vehicle contributed to the accident did not contain information that put "the governmental entity on notice that there is a claim against it" and therefore was insufficient to constitute actual notice); *Dutton v. McKinley County Bd. of Comm'rs*, 822

7

P.2d 1134, 1136 (N.M. Ct. App. 1991) (holding that "virtually every employee in the McKinley County building was actually aware of the occurrence" insufficient to provide "notice of the likelihood that litigation might ensue"). Therefore, Plaintiffs have failed to establish that the County's notice of the facts underlying the present litigation constitutes actual notice under the NMTCA.

Having failed to establish that they satisfied the notice requirement of the NMTCA, Plaintiff's NMTCA claims are barred. Thus, summary judgment in favor of Defendants is granted and Count I (to the extent based on NMTCA), Count II, and Count IV are hereby dismissed.[4]

### IV. Punitive Damages Claim

In Count V, Plaintiffs have brought a punitive damages claim against the County presumably for violations of both the NMTCA and § 1983. Having dismissed the counts based on the NMTCA, any claim for punitive damages under those counts fails. In any event, punitive damages are not available under the NMTCA. *See* N.M. Stat. Ann. § 41-4-19 (1978). Regarding a punitive damages claim based on a § 1983 violation, such damages are not available against the County. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Therefore, as to the County, Count V is hereby dismissed.

---

[4] Had the Court evaluated the notice requirement of the NMTCA as a jurisdictional question under 12(b)(1), it would reach the same result, as the pleadings and relevant external documents failed to establish that Plaintiff had provided the written or actual notice required by statute.

**WHEREFORE,** Defendant Board of County Commissioners of Santa Fe County's Motion for Judgment on the Pleadings is GRANTED.  As to all Defendants, Count I (to the extent based on NMTCA), Count II, and Count IV are DISMISSED.  As to Defendant Board of County Commissioners of Santa Fe County, Count V is DISMISSED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**